Capitol Corporate Services, Inc.
PO Box 1831
Austin, TX 78767
Phone: (800)345-4647  Fax: (800) 472-0533
rassop@capitolservices.com

# Service Of Process Transmittal Notice

| MARTIN A PRICE<br>MILLENNIUM LABORATORIES<br>16981 VIA TAZON<br>SAN DIEGO CALIFORNIA 92127 | Date Processed: | 03/09/2012 |
|---|---|---|
| | Completed By: | HEATHER DYE |
| | Delivery Method to Client: | FEDEX STANDARD OVERNIGHT LETTER |
| | Tracking Number: | 911716834353 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| Date / Time Received<br>03/09/2012 10:30 AM in TENNESSEE | Transmittal #<br>TN-64826 | Delivered to Agent by<br>CERTIFIED MAIL |
|---|---|---|
| **With Regard to Client**<br>MILLENNIUM LABORATORIES, INC. | | |
| **Title of Case or Action**<br>JOSHUA HUGO V. MILLENNIUM LABORATORIES, INC. | | |
| **Case Number**<br>3-92-12 | **Type of Document Served**<br>COMPLAINT/PETITION | |
| **Court Name**<br>CIRCUIT CT - KNOX COUNTY, TENNESSEE | | |


1-64826K


EXHIBIT
1

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

JOSHUA HUGO,

    Plaintiff,

v.

MILLENNIUM LABORATORIES, INC.

    Defendant.

2012 FEB 24 P 1:56

CATHERINE QUIST
CIRCUIT COURT CLERK

Case Number: 3492-12

## SUMMONS

To: Millennium Laboratories, Inc.
c/o Capital Corporate Services
992 Davidson Drive, Suite B
Nashville, Tennessee 37205 – 0151

You are hereby summoned and required to serve upon Arthur F. Knight, III, Plaintiff's attorney, whose address is Taylor & Knight, G.P. 800 South Gay Street, Suite 600, Knoxville, Tennessee 37929, an Answer to the Complaint herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issue and tested this 24 day of FEBRUARY, 2012.

_____
Clerk

_____
Deputy Clerk

### NOTICE

To the Defendant:

    Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server:

Defendant **Millennium Laboratories, Inc** may be served with process as follows:

**c/o Capital Corporate Services**
**992 Davidson Drive, Suite B**
**Nashville, Tennessee 37205 – 0151**

## R E T U R N

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

[ _ ] <u>served this summons and a complaint on Defendant in the following manner:</u>

_____

_____

_____

[ _ ] <u>failed to serve this summons within 30 days after its issuance because:</u>

_____

_____

_____

_____
Process Server

| | |
|---|---|
| JOSHUA HUGO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3-92-12 |
| | ) |
| MILLENNIUM LABORATORIES, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Comes the Plaintiff, Joshua Hugo, by and through counsel, and sues the Defendant, Millennium Laboratories, Inc., (hereinafter "Millennium") for violations of the Tennessee Human Rights Act, §4-21-101 et seq., the Tennessee Public Protection Act, T.C.A. §50-1-304 et seq., and the common laws of the State of Tennessee, and for this cause of action, claims and alleges as follows:

1. Plaintiff, Joshua Hugo, is a citizen resident of Knox County, Tennessee;

2. The Defendant, Millennium Laboratories, Inc. is a California corporation licensed to do business in the State of Tennessee. Its principal place of business is 16891 Via Tazon, San Diego, California, 92127. Its registered agent for service of process is Capital Corporate Services, 992 Davidson Drive, Suite B, Nashville, Tennessee 37205 – 0151;

3. The Plaintiff Joshua Hugo was hired by the Defendant Millennium, as a Senior Sales Specialist and Compliance Officer on September 14, 2010;

4. The Defendant Millennium who is in the business of providing drug testing and clinical laboratory services for multiple drug classes or individual drugs for various clients throughout the United States. At all times material herein, Defendant Millennium is subject to various federal laws governing the transaction of its business;

5. The Plaintiff was hired to sell Millennium services to various clients in East Tennessee and establish accounts, and ensure the compliance with federal laws by clients and Lab Specimen Assistants ("LSAs") employed by Millennium concerning any improper inducement and services to or by clients from or to LSAs;

6. The terms of Plaintiff's employment was that he was to be paid a bi-weekly salary of $3,269.23 plus commission based on the number of specimen samples attributable to his sales efforts. The Plaintiff's commission schedule was as follows:

(a) 600-100: $6.00 each - $3,600-$6,600

(b) 1101-1600: $8.00 each - $6,606-$9,600

(c) 1601-2101: $10.00 each - $9,601-$21,010

(d) 2101+ $12.00 each- $25,212+

7. The Defendant's business method for Plaintiff's position was that the sales specialist would sell Millennium Services to various clients creating accounts, and then move onward to the next potential client. The account would then be serviced by a Customer Service Specialist an entry level position. The Customer Service Specialist would address the basic needs of the account, unless there was an emergency or significant problem wherein Plaintiff or another Senior Sales Specialist would intervene to preserve the client's satisfaction. Plaintiff also served as Millennium's Compliance Officer for his region, and that required his periodic visits to all physical locations of

accounts to ensure the compliance with all applicable federal laws, including the Stark Law, which is §18 of the Social Security Act, as amended, and its attendant regulations;

8. The Plaintiff had a Regional Sales Manager and one Customer Service Representative in his territory. At all times material herein, the Regional Sales Manager was the agent of the Defendant. The Plaintiff's Regional Sales Manager was based in Nashville, Tennessee, and the Customer Service Representative was based in Knoxville, Tennessee as was the Plaintiff;

9. At all times material herein, Plaintiff performed his job exceptionally and built his monthly commission to approximately $20,000 to $25,000 per month during the summer months of 2011. Additionally, Plaintiff also completed all necessary training for his compliance officer job and set about to insure that all LSAs and Defendant's customers adhered to federal laws and regulations surrounding improper inducements to or by LSAs which are strictly prohibited;

10. Despite Plaintiff's efforts in attempted contacts with accounts, and LSAs, at the physical location of the account, he was repeatedly blocked from doing so by his Regional Sales Manager, who utilized the Customer Service Specialist on the pretext of clients to which Plaintiff sold Defendant's services suddenly, did not want Plaintiff around. Plaintiff avers that said excuses provided by Defendant's agent was merely a pretext to keep Plaintiff from lawfully performing his job as Millennium's East Tennessee Compliance Officer;

11. In or around middle August 2011, counsel for a Defendant in a case styled <u>Millennium Laboratories, Inc. v. Rocky Mtn. Tox., LLC, et al</u>, U.S. District Court case no. 1:10-cv-02734-MSK-KMT (U.S. Dist. Ct. of Colorado at Denver) specifically informed

Millennium of his desire to take the Plaintiff's deposition and attempted to arrange to do so. Plaintiff was on vacation at the time and this was communicated to counsel by Millennium counsel. Accordingly, Plaintiff's deposition was held in abeyance until he returned. Upon information and belief, Plaintiff avers that his deposition was desired to elicit information about improper and/or illegal practices by Defendant Millennium in the course of its business;

12. Meanwhile, before he could provide the deposition, on September 2, 2011, Defendant discharged Plaintiff telephonically. Defendant gave Plaintiff no reason for the discharge. The Plaintiff avers that no legitimate basis existed for Plaintiff's termination as he had performed exemplary in his job. Defendant offered Plaintiff no severance, nor communicated with Plaintiff about unemployment benefits. Plaintiff avers that any reason now offered by Defendant is nothing more than a pretext for unlawful discrimination as described below;

13. Having terminated Plaintiff, Defendants could and did represent to all counsel in the above captioned matter who wish to depose Plaintiff that Defendant would no longer voluntarily produce Plaintiff has he was no longer employed by Millennium. So, if Plaintiff's deposition was still desired, Plaintiff would have to be subpoenaed. Plaintiff was subsequently subpoenaed for a deposition September 29, 2011. Yet, prior to the deposition, Plaintiff was contacted by counsel and informed the case was settled and there was no need for his deposition. According to the court file, the case was dismissed with prejudice, and the matter formally terminated with the district court on October 13, 2011;

## CAUSES OF ACTION

14. The Plaintiff avers that Defendant violated the Tennessee Human Rights Act by terminating Plaintiff on account of his age. All times material herein, Plaintiff was over forty (40) years of age, was qualified for his position as Senior Sales Specialist/Compliance Officer, He was terminated September 2, 2011, and replaced by a substantially younger individual. Plaintiff avers that any and all reason(s) provided by Defendant for taking this action is nothing but a pretext for unlawful discrimination and violation of the Tennessee Human Rights Act, §4-21-101 et seq.

15. Alternatively, the Plaintiff avers that his termination is in violation of the Tennessee Public Protection Act, T.C.A. §50-1-304 in that Plaintiff was terminated solely for refusing to participate in illegal activities as defined by the aforementioned statute and regulations. Accordingly, Plaintiff has been damages as detailed below.

16. Plaintiff avers that his termination constitutes common law retaliatory discharge. Plaintiff avers that his termination for refusing to participate in illegal activities was a substantial factor in his termination. Accordingly, Plaintiff has been damages as detailed below.

17. The Plaintiff avers that his termination violated public policy. Plaintiff avers that he was terminated as a result of his willingness to cooperate and appear as a witness in a deposition in the above captioned lawsuit. Moreover, Plaintiff avers that at no time did he evince any willingness to evade service and he was terminated because he would not evade service, and the matter was settled, at least in part, to avoid Millennium employees or former employees from giving depositions. As a result, Plaintiff has been damaged.

WHEREFORE, Plaintiff Joshua Hugo respectfully demands judgment against Defendant Millennium Laboratories, Inc. for $2,000,000.00 in compensatory damages, attorney fees, the cost of this cause, discretionary and otherwise, pre and post judgment interest, and any other relief he shows himself entitled, and further demands a jury to try this cause.

RESPECTFULLY SUBMITTED this 23rd day of February, 2012.

Arthur F. Knight, III, BPR No. 016178
Taylor, & Knight, G.P.
800 South Gay Street, Suite 600
Knoxville, Tennessee 37929
Phone: 865-971-1701
Fax: 865-971-1705
amber@taylorknightlaw.com
Attorney for Plaintiff

## COST BOND

We hereby acknowledge ourselves as surety for the costs, taxes and damages in this cause in accordance with T.C.A. § 20-12-120.

TAYLOR & KNIGHT, G.P.

By: _____
Arthur F. Knight, III

FILED 2012 FEB 24 P 1:
CATHERINE F. QUIST
CIRCUIT COURT CLERK

## OATH OF JOSHUA HUGO

STATE OF TENNESSEE )
)
COUNTY OF KNOX )

I, JOSHUA HUGO, having been duly sworn according to law, makes oath that they have read the foregoing Complaint, and that the facts set forth therein are true to the best of my knowledge, information and belief based on my knowledge.

_____
JOSHUA HUGO

Sworn to and subscribed before me
this 22nd day of February, 2012.

_____
Notary Public
My Commission Expires: 8-12-2012

[Notary Seal: CAROLYN D. MITCHELL, STATE OF TENNESSEE NOTARY PUBLIC, KNOX COUNTY, Comm. Exp. 8-12-2012]

