UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOSHUA HUGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-cv-167 |
| | ) | (Phillips/Guyton) |
| MILLENNIUM LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

**I.      Introduction**

This matter is before the on the Defendants' Motion to Dismiss. [Doc. 3]. The Plaintiff alleges violations of the Tennessee Human Rights Act and the Tennessee Public Protection Act. A former employee of the Defendant's, the Plaintiff argues that he was terminated because of his age, in violation of the Tennessee Human Rights Act; or, alternatively, he was terminated do to is refusal to participate in the Defendant's "illegal business activities," in violation of the Tennessee Public Protection Act. [Doc. 9, Exb. 1¶ 15-16].

The Defendant moves this Court to dismiss this action, arguing that the Plaintiff has failed to meet the pleading standards of the above-mentioned statutes.

**II.      Jurisdiction**

The Court notes that it has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy, $2,000,000, exceeds the jurisdictional minimum.

**III.      Analysis**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be

1

dismissed for failure to state a claim if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party. *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009). To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim.

Typically, matters outside the pleadings may not be considered in ruling on a Rule 12(b)(6) motion unless the motion is converted to a motion for summary judgment. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, a court may consider any documents attached to a motion to dismiss to be part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.* at 89. In this case, the Court will consider only the Amended Complaint [Doc. 9, Exb. 1] and the Motion to Dismiss [Doc. 3] without converting this Motion to Dismiss to a motion for summary judgment.

### a. The Tennessee Human Rights Act

The Tennessee Human Rights Act ("THRA") makes unlawful discrimination against persons with respect to compensation, terms, conditions, or privileges of employment because of such person's race, creed, color, religion, sex, age or national origin. T.C.A. § 4-21-401(a)(1). A claim under the THRA is to be analyzed through federal case law, since the stated purpose is to execute the policies embodied within the federal anti-discrimination acts. *Spicer v. Beaman*

2

*Bottling Co*., 937 S.W.2d 884 (Tenn.1996). In order to establish a prima facie case of age discrimination, the Plaintiff must show 1) that she was an employee of the Defendant's who was 2) subject to adverse employment action 3) within a job that he was otherwise qualified for, and 4) eventually replaced by a younger person. *Brenner v. Textron Aerostructu*res, 874 S.W.2d 579 (Tenn. App. 1993).

The Defendant's argues that the Plaintiff "does not provide any factual basis at all for his claim that there is some factual tie to his discharge and his age." [Doc. 4 at 4].The Defendant further asserts that the Plaintiff "does not even allege his own age or the age of any individual that replaced him." *Id.* The Amended Complaint renders much of the Defendant's objections moot. The Amended Complaint describes a scenario in which a successful employee--making "$20,000 to $25,000" a month by the Plaintiff's averment--becomes isolated from sales and eventually terminated in favor of a younger replacement. [Doc. 9, Exb. 1¶ 9]. The Amended Complaint alleges that the Plaintiff was "over forty years of age….terminated [on] September 2, 2011….qualified for his position," and "replaced by a substantially younger individual." [Doc. 9, Exb. 1¶ 15]. The Plaintiff further argues that his termination was casually connected to his age, and that "[the] excuses provided by Defendant's agent was merely a pretext to keep Plaintiff from lawfully performing his job ." [Doc. 9, Exb. 1¶ 10]. Even more specifically, the Plaintiff asserts that the "Plaintiff was 44 years old" at the time of his termination, and his replacement was "24 years old." [Doc. 9, Exb. 1¶ 13].

The Plaintiff's argument emphasizing pretext is not unusual; in fact, the majority of discrimination cases allege similar phenomena. In this case, the Court finds that the Plaintiff has executed a plausible, or *prima facie,* case of age discrimination, meaning that if the facts were to be as the Plaintiff alleges, then the Plaintiff would have a legally compensable injury.

3

Consequently, to dismiss this action at this early stage of the proceeding would be improper.

### a. Tennessee Public Protection Act

Turing to the Plaintiff's claims under the Tennessee Public Protection Act ("TPPA"), the TPPA prohibits an employer from terminating an employee solely because that employee has refused to participate in or remain silent about illegal activities. Tenn. Code Ann. § 50-1-304(a). The purpose of the statute "is to remove an employee from a position of having to choose between reporting workplace illegalities to the proper authorities and remaining employed." *Caruso v. St. Jude Children's Hosp., Inc.,* 215 F. Supp. 2d 930, 937 (W.D. Tenn. 2002). In order to establish a claim under the TPPA, the Plaintiff must establish four elements: 1) the Plaintiff was an employee of the Defendant; 2) the Plaintiff refused to participate in or remain silent about illegal activities; 3) the Plaintiff was terminated; and 4) an exclusive causal relationship existed between his refusal to participate in or remain silent about illegal activities and his termination. *Riddle v. First Tennessee. Bank,* 2012 U.S. App. Lexis ID 18684 (6th Cir Tenn. 2012).

The Defendant argues that "[the Plaintiff] does not identify or describe any 'improper and/or illegal practices' that [the Plaintiff] allegedly refused to participate in or remain silent about." [Doc. 3 at 5]. But the Plaintiff does allege specific illegal practices, namely, the Plaintiff alleges that the Defendant conducted business in violation of the Stark Law. [Doc. 9, Exb. 1¶ 11]. The Plaintiff further alleges that he knew of these violations and that he was to be deposed concerning them. *Id* at 11-12 . The Plaintiff argues that since he did not participate in the violations, yet knew of their existence, the Plaintiff was asked to testify to interests hostile to those of the Defendant, but "before he could provide the deposition…[the] Defendant discharged the Plaintiff. *Id*

The Plaintiff has properly stated a claim under which relief could be granted; and so, Dismissal is not appropriate at this time.

## IV. Conclusion

The Defendant's Motion to Dismiss [Doc. 3] shall be **DENIED** as the Plaintiff has properly stated a claim that, if assumed to be true, establish a compensable injury under the TPPA and THRA.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge